IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN NEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 2231 |
| | ) | |
| MICHAEL P. RANDLE, et. al. | ) | Judge Matthew Kennelly |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM IDOC**

NOW COMES Plaintiff, JUAN NEELY, by and through his attorneys, LOEVY & LOEVY, and hereby respectfully requests an order compelling Illinois Department of Corrections (IDOC) to produce subpoenaed documents. In support, Plaintiff states as follows:

**Background**

This motion concerns IDOC's responses to two subpoenas Plaintiff served on IDOC in this case: one on October 24, 2012 and the other on June 19, 2013. *See* Exhibit A (October 24, 2012 subpoena) and Exhibit B (June 19, 2013 subpoena). The Court may recall that each of these subpoenas has already been the subject of litigation in this matter; Plaintiff needed to file motions to compel IDOC to respond to these subpoenas at all. *See* Doc Nos. 75, 126.

Although IDOC subsequently produced some documents responsive to these subpoenas, IDOC did not produce all of them. In an effort to gain full compliance with his subpoenas, Plaintiff engaged in Local Rule 37.2 correspondence and phone calls relating with IDOC's counsel relating to the documents that were not produced. *See, e.g.*, Exhibit C (correspondence dated September 5, 2013). Plaintiff has reached impasse with IDOC as to the categories of documents discussed herein. *Id.*

**Inmate Grievances Relating to Medical/Dental Care at Pinckneyville and Stateville**

In his October 24, 2012 subpoena, Plaintiff sought production of inmate grievances relating to mental and dental care at Pinckneyville and Stateville from 2005 to 2011. *See* Exhibit A, Paragraph F. Although IDOC made no contemporaneous objection to this portion of the subpoena, the IDOC Defendants objected to a similar Rule 34 request on the basis that it would be too burdensome to search for responsive grievances. *See* Exhibit D (IDOC Defendants' Responses to Plaintiff's First Set of Requests for Production), Paragraph 7 ("grievances are not centrally kept and are not categorized by type"). According to IDOC Defendants, the only way to search for responsive grievances would be to search the individual master files of *all* IDOC inmates at those facilities over that period of time, *see id.*, a task that Plaintiff concedes would be too burdensome.

Several months later, however, Plaintiff learned through subsequent discovery that IDOC, in fact, maintains spreadsheets of medical and dental grievances filed at each facility and that these spreadsheets identify the individual grievant. In other word, IDOC would *not* need to search *all* inmate master files for medical/dental grievances—IDOC could simply go to the master files of the inmates listed on the spreadsheets and pull the relevant grievances.

When Plaintiff learned this information, he asked IDOC whether it would produce inmate grievances listed in the spreadsheets. IDOC refused on the basis that the request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and raised privacy concerns.

Setting aside the issue of whether IDOC – a non-party to this case – even has standing to object to Plaintiff's subpoena on relevance grounds, Plaintiff's counsel explained that these

objections were not founded. Specifically, Plaintiff explained that any privacy issues could be resolved through a protective order, and cited Judge Kendall's recent decision in *Awalt v. Marketti*, No. 11 C 6142, 2012 WL 6568242 (N.D. Ill. Dec. 17, 2012) for the proposition that Plaintiff's request was not overly broad. Exhibit E (correspondence dated September 6, 2013). Notwithstanding Plaintiff's efforts, IDOC's counsel indicated it was standing on its objections.

*Awalt* is similar to this case in that both cases involve Section 1983 claims by inmates who allege that their serious medical needs were ignored by jail/prison personnel, and that jail/prison defendants should be held liable under *Monell* for maintaining a widespread policy, practice, or custom was the cause of their injury. In *Awalt*, the Defendant Grundy County Jail objected to discovery of other inmates' medical grievances on the same grounds that IDOC raises here. Judge Kendall rejected these arguments, concluding that discovery of other inmates' medical issues was reasonably calculated to lead to the discovery of evidence that would be admissible on Plaintiff's *Monell* claim. *Awalt v. Marketti*, 2012 WL 6568242, at \*4-\*5; *see also id.* at \*6 (finding that the 5-year time period for which Plaintiff sought grievances was not overly broad). As to the privacy interests of inmates who were not parties to the case, Judge Kendall observed that the privacy of those individuals could be protected by entry of an appropriate protective order. *Id.* at \*8. As Plaintiff communicated to IDOC, he would certainly agree to the entry of a similarly appropriate protective order in this case.

For the same reasons that Judge Kendall ordered Grundy County to produce discovery relating to other inmates' medical issues, IDOC should be ordered to produce copies of the inmate grievances listed on the spreadsheets it maintains of medical/dental grievances for the 2005 to 2011 time period requested.

**Defendants' Employment Records**

Plaintiff has also requested that IDOC produce employment records for the IDOC Defendants. *See* Exhibit A (October 24, 2013 subpoena), Paragraph H (seeking all employment records for Defendants); Exhibit B (June 19, 2013 subpoena), Paragraph 3 (seeking the same but also any critical assessments).

IDOC did not object to Plaintiff's October 24 subpoena, but it raised an objection (albeit an untimely one)[1] to Plaintiff's June 19 subpoena on the basis that the request was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Exhibit F. The only information that IDOC was willing to divulge from Defendants' employment records was IDOC has never disciplined Defendant Mitchell (a dentist who treated Mr. Neely) in connection with her treatment of inmates. *Id.*

Again, setting aside the issue of whether non-party IDOC even has standing to object to object on relevance grounds, IDOC's untimely, boilerplate objections lack merit. As many Courts in this district have found, individual defendants' personnel files are discoverable in Section 1983 cases. *See Bond v. Utreras*, No. 04-2617, 2006 WL 695447, at *4 (N.D. Ill. March 10, 2006) ("[T]he Individual Defendants' job applications, performance reviews, and personnel files contain relevant information and are discoverable"); *Vodak v. City of Chicago*, No. 03-2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) (Nolan, J.) (holding that Chicago police

---

[1] Rule 45(c)(2)(B) requires objections to subpoenas to be made by responding parties within 14 days of service. *See also Brogren v. Pohlad*, No. 94 C 6301, 1994 WL 654917, at *1 (N.D. Ill. Nov. 14, 1994) (non-party waived its right to object to a subpoena where it failed to serve timely objections); *see also Nat'l Paint & Coatings Ass'n v. City of Chicago*, 147 F.R.D. 184, 185 (N.D. Ill. 1993) (non-party may waive its right to object where it does not serve written objections within the fourteen-day period). IDOC's objections in this matter have not come close to meeting this 14-day deadline.

4

officers' "personnel files ... are relevant for purposes of discovery" and ordering them to be produced to a Section 1983 plaintiff); *Terry v. Zernicke*, No. 94-4052, 1996 WL 5183, at *2 (N.D. Ill. Jan. 2, 1996) ("The personnel files, including disciplinary histories, of law enforcement officials are relevant to assessing a claim of misconduct by such officials and are, therefore, presumptively discoverable").

Nevertheless, in an effort to reach a compromise, Plaintiff agreed to narrow his requests to discipline-related documents and job evaluations/assessments for only two of the IDOC Defendants: Defendants Jacqueline Mitchell and Danielle Taylor. IDOC rejected this offer.

These records are particularly relevant in this case given Plaintiff's *Monell* claim. For example, although IDOC admits that it has never disciplined Defendant Mitchell in connection with inmate medical/dental care, Plaintiff notes that Defendant Mitchell is named as a Defendant in several lawsuits in this district, many of which allege that she was deliberately indifferent to various Plaintiffs' medical needs and some of which have resulted in settlements. The records at issue may reveal the identities of IDOC personnel who were on notice of these complaints against Defendant Mitchell and what they did to investigate and/or remedy the situation. The records at issue will also show what metrics were used to assess the performance of the IDOC employees who are responsible for the medical/dental care of IDOC inmates and could therefore be relevant to a *Monell* claim based on failure to supervise/train and/or control.

For these reasons, IDOC should be ordered to produce employment records for Defendants Mitchell and Taylor relating to any disciplinary matters, critical assessments, and performance evaluations.

WHEREFORE, Plaintiff respectfully requests that the Court order IDOC to produce the inmate grievances and employee records of the two IDOC employees discussed herein.

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Mazur
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Vincenzo Field
LOEVY & LOEVY
312 North May St., Ste. 100
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

I, Elizabeth Mazur, an attorney, certify that I served this document on all counsel of record via the Court's ECF system.

/s/ Elizabeth Mazur