IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN NEELY, | ) | |
| | ) | No. 12 C 2231 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| MICHAEL P. RANDLE, et. al. | ) | Judge Matthew Kennelly |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL
IDOC DEFENDANTS TO RESPOND TO INTERROGATORIES**

NOW COMES Plaintiff, JUAN NEELY, by and through his attorneys, LOEVY & LOEVY, and hereby respectfully requests an order compelling IDOC Defendants to Respond to Plaintiff's Second Set of Interrogatories, Nos. 5 and 6. In support, Plaintiff states as follows:

**Background**

This motion concerns the IDOC Defendants' refusal to answer Interrogatories Number 5 and 6 of Plaintiff's Second Set of Interrogatories. This is the second time that the IDOC Defendants' responses to these Interrogatories have been the subject of a motion to compel. On July 26, 2013, Plaintiff had to file a motion to compel to simply to get the IDOC Defendants to acknowledge and respond to these Interrogatories. *See* Doc. 127. When the parties appeared on Plaintiff's motion, the IDOC Defendants acknowledged that they had not answered, and indicated that responses would be forthcoming. *See* Doc. 134. Although the IDOC Defendants finally served responses four weeks later, the responses were nothing more than a litany of objections; no substantive answers were provided. *See* Exhibit A (IDOC Defendants Responses to Plaintiff's Second Set of Interrogatories).

In subsequent Local Rule 37.2 correspondence and telephone calls, Plaintiff attempted to persuade IDOC Defendants to provide substantive responses, but counsel for IDOC Defendants stood on their objections. *See* Exhibit B. With this motion, Plaintiff seeks a ruling from this Court on IDOC Defendants' objections.

**Interrogatories At Issue**

The Interrogatories at issue deal with whether Mr. Neely's medical records followed him from Pinckneyville correctional center to Stateville correctional center when he was transferred to Stateville for an 8-week period in 2010. Specifically, the Interrogatories read as follows:

5. If you contend that Mr. Neely's heath records were sent to Stateville immediately before or at the time of Mr. Neely's transfer to Stateville in August 2010 as set forth in Wexford Health Sources Inc. Operations Policies and Procedures (page 82), P-406, then: (a) state the name, address, and employer of the individual(s) who effectuated the transfer; (b) describe with specificity which of Mr. Neely's health records were transferred; and (c) describe what documentary evidence exists to show that Mr. Neely's heath records were in fact transferred.

6. If you contend that Mr. Neely's heath records were reviewed by qualified heath care staff within 12 hours of his arrival at Stateville in August 2010 as set forth in Wexford Health Sources Inc. Operations Policies and Procedures (page 23), P-188, then: (a) state the name, address, and employer of the qualified health care staff who reviewed the records; (b) describe with specificity which of Mr. Neely's health records were reviewed; and (c) describe what documentary evidence exists to show that Mr. Neely's heath records were in fact reviewed.

*See* Exhibit A.

This issue is important because Mr. Neely's medical file reflected that he was in need of urgent dental care at the time of his transfer to Stateville. If his file was transferred and reviewed, as it should have been, then medical staff at Stateville would have known about Mr. Neely's dental need. As it stands, Plaintiff cannot tell whether these steps were taken. Plaintiff assumes that they were not, but he does not want to be surprised at trial if, for example, Defendants attempt to present some evidence that the files were in fact transferred or reviewed.

**IDOC Defendants' Objections**

Setting aside Defendants' three pages of blanket "General Objections," none of which apparently apply to the Interrogatories at issue, Defendants assert three separate objections, none of which excuse Defendants from answering.

**(1) The Interrogatories Are Not "Inappropriate"**

Defendants object to these Interrogatories on the basis that they are "inappropriate," but they give no explanation at all as to why. In Plaintiff's view, he is entitled to know if any Defendants intend to claim at trial that his medical file was transferred and/or reviewed when he went to Stateville, and, if so, what facts support such a claim so that he can conduct further discovery. This is a legitimate use of discovery. *See Portis v. City of Chicago*, 02 C 3139, 2005 WL 991995 (N.D. Ill. Apr. 15, 2005) ("The use of interrogatories is governed by Rule 33 of the Federal Rules of Civil Procedure, 'which is intended to enable a party to prepare for trial, to narrow the issues and thus help determine what evidence will be needed at the trial, and to reduce the possibility of surprise at trial.' Wright, Miller & Marcus, *Federal Practice & Procedure: Civil 2d* § 2162. According to the Manual for Complex Litigation, the primary purpose for interrogatories is to 'help determine the existence, identity, and location of witnesses, documents and other tangible evidence as a prerequisite to planning further discovery.' *Manual for Complex Litigation, Fourth,* § 11 .461 (1994)"). Defendants "inappropriate[ness]" objection should be overruled.

**(2) Plaintiff Has Not Exceeded 25 Interrogatories**

Second, Defendants object on the basis that Plaintiff has exceeded the maximum number of allowable interrogatories under Rule 33. This objection also lacks merit. Counting these

Interrogatories, Plaintiff has only served 19 Interrogatories on the IDOC Defendants. *See* Exhibit C (Plaintiff's First Set of Interrogatories). Although some of these interrogatories have subparts, none of them qualifies as a separate question for Rule 33 purposes. *See, e.g.*, *Jacks v. Directsat USA, LLC*, No. 10 C 1707, 2011 WL 382858 (N.D. Ill. Feb. 1, 2011) ("[A]n interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question.") (citing Wright & Miller, *Federal Practice and Procedure*, § 2168.1 and several cases); *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 3829134 (N.D. Ill. June 30, 2005) (same).

### (3) Defendants' Lack Of Personal Knowledge Is Not A Proper Objection

Finally, Defendants object on the basis that they lack "personal knowledge" and "foundation" to answer the Interrogatories. This objection also lacks merit.

In responding to an interrogatory, a party must include all information within his knowledge or control. *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607 (N.D. Ill. Apr. 28, 2003) (citing *See Lambert v. Houi*, No. 99 C 50076, 2002 WL 169367, at *1 (N.D. Ill. Jan. 31, 2002)). "[P]ersonal lack of knowledge does not excuse [a party's] failure to answer the interrogatories, because [the] duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others." *Id.* (citing *Jones v. Syntex Laboratories, Inc.*, No. 99 C 3113, 2001 WL 1338987, at *3 (N.D. Ill. Oct. 30, 2001)).

While some of the IDOC Defendants might truly lack an ability to find out whether Mr. Neely's medical file was transferred or reviewed, other of the IDOC Defendants (for example, the Stateville and Pinckneyville Wardens and IDOC Director) have some way to find out through the exercise of "reasonable efforts." *See Portis v. City of Chicago*, No. 02 C 3139, 2005 WL

4

991995 (N.D. Ill. Apr. 15, 2005) ("Rule 33 thus imposes a duty to provide full answers to interrogatories-*i.e.,* all the information within the responding party's knowledge and control.") (citing *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 289963, at *2 (N.D. Ill. Feb.7, 2005); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *4 (N.D. Ill. Apr. 28, 2003).

If Defendants have made "reasonable efforts" to find answers but still do not know the answer, then they should provide a sworn interrogatory response to that effect. *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 289963 (N.D. Ill. Feb. 7, 2005) ("If a party genuinely does not know an answer, it must indicate that the information is unavailable."). But providing nothing more than an objection based on a purported lack of "personal knowledge" is not sufficient.

WHEREFORE, the Court should overrule the IDOC Defendants objections to Plaintiff's Second Set of Interrogatories Nos. 5 and 6 and order IDOC Defendants to provide substantive responses.

                                                                     RESPECTFULLY SUBMITTED,

                                                                     /s/ Elizabeth Mazur
                                                                     Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Vincenzo Field
LOEVY & LOEVY
312 North May St., Ste. 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

  I, Elizabeth Mazur, an attorney, certify that I served this document on all counsel of record via the Court's ECF system.

                /s/ Elizabeth Mazur