IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN NEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 2231 |
| | ) | |
| MICHAEL P. RANDLE, et. al. | ) | Judge Matthew Kennelly |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO THE IDOC DEFENDANTS' MOTION TO QUASH**

Plaintiff, Juan Neely, by and through his attorneys, Loevy & Loevy, responds to the IDOC Defendants' Motion to Quash Plaintiff's Notice of a Rule 30(b)(6) deposition as follows:

**Introduction:**

On March 6, 2014 counsel for the IDOC Defendants produced more than two thousand pages of inmate grievances from Stateville and Pinckneyville Correctional Centers. A review of these grievances revealed a significant number of inmates who grieved the issue of being denied medical treatment at Stateville's Northern Reception Center (Stateville-NRC) on the basis that they were to be housed at Stateville-NRC only temporarily. In light of this new evidence, and because the lack of medical care for inmates transferred to Stateville-NRC is a key allegation in Plaintiff's complaint, Plaintiff noticed a Rule 30(b)(6) deposition on the IDOC's policies and practices regarding the provision of medical care to inmates temporarily housed at Stateville-NRC.

In response, the IDOC Defendants seek a protective order from this Court quashing Plaintiff's notice of deposition on the basis that it is procedurally improper, overly broad in scope, duplicative, and burdensome. See Dkt. No. 185, at 1. Because none of the IDOC

Defendants' arguments merit quashing Plaintiff's notice of deposition, and because Plaintiff seeks information central to proving his claims in this matter, Defendants' Motion to Quash should be denied.

**Argument:**

    **I.    Plaintiff Has Corrected Any Defect in Noticing His Rule 30(b)(6) Deposition**

On April 7, 2014 Plaintiff mistakenly sent a notice of 30(b)(6) deposition to counsel for the IDOC Defendants. Plaintiff agrees that he should have noticed this deposition by serving a subpoena on the IDOC itself, and Plaintiff has since corrected this mistake. See Exhibit A (subpoena to IDOC). However, Plaintiff does not agree with Defendants that the result of this inadvertent error should be to disallow the 30(b)(6) deposition altogether, and Defendants do not cite to a single case that supports this argument. If anything, the single case cited to by Defendants supports the exact opposite argument; namely that Plaintiff should be allowed to proceed with the Rule 30(b)(6) deposition now that the IDOC has been properly served with a notice of deposition. Indeed, in *Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada AFL-CIO v. Benjamin*, 144 F.R.D. 87 (N.D. Ind. 1992) the Court struck the Defendant's notice of a 30(b)(6) deposition because the notice, as written, should have been issued pursuant to Rule 30(b)(1), not because the notice was served on the wrong party. *Id*. at 90. Moreover, the Court specifically noted that Defendant was not "precluded from taking the deposition of the International through its officials and representatives" pursuant to Rule 30(b)(6), and that, in any case, the individuals noticed pursuant to Rule 30(b)(1) "would be expected to testify to matters known or reasonably available to the organization, as under Rule 30(b)(6)". *Id*. In short, the Court allowed the noticed depositions to go forward upon proper notice pursuant to Rule

2

30(b)(1).  *Id*.  The same should occur here.  Now that Plaintiff has properly subpoenaed the IDOC, he should be allowed to proceed with his 30(b)(6) deposition as noticed.  This is especially true since Defendants do not argue that they were somehow prejudiced by Plaintiff's error, nor that they did not receive actual notice of the Rule 30(b)(6) deposition.

II.   **Plaintiff's Notice of Deposition Meets the Requirements of Rule 26**

While a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had," *Sanyo Laser Products Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 503 (S.D. Ind. 2003) (citing Fed. Rule Civ. P. 26(c)(1)), the burden lies with the party seeking a protective order to show good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gossar v. Soo Line Railroad Company*, 09-cv-9-RLY-WGH, 2009 WL 3570335, at *2 (S.D. Ind. Oct. 27, 2009).   Allegations of general injury are insufficient to constitute good cause; the movant must show that disclosure will cause a clearly defined and serious injury. *Sanyo*, 214 F.R.D. at 503 (citing *Patt v. Family Health Sys., Inc.*, 189 F.R.D. 518, 522 (E.D.Wis.1999)).

Defendants make no such showing here.  For example, while Defendants claim that the discovery sought by Plaintiff is "unwieldy and not in any way calculated to lead to the discovery of admissible [evidence] in the instant lawsuit" (Dkt. No. 185, at 5), they make no attempt to explain why this is the case.  Plaintiff alleges that he was transferred to Stateville-NRC on a court writ and was initially denied treatment pursuant to a policy or practice whereby medical care is largely withheld from inmates housed at Stateville-NRC only temporarily (for example,

3

inmates transferred to Stateville-NRC on a court writ). Plaintiff seeks to depose a 30(b)(6) witness designated by the IDOC regarding six interrelated categories of information directly related to this allegation. *See* Exhibit A (subpoena to IDOC).

Nor does Defendants' objection that Plaintiff seeks information related to medical care and not to dental care alone, or that Plaintiff seeks information for a five year period despite the fact that Plaintiff was only housed at Stateville-NRC for a few months in 2009 (Dkt. No. 185, at 4-5), favor quashing Plaintiff's notice of deposition. Unlike the production of all medical grievances for a five year period of time, which Defendants represented at various points in the course of discovery possibly number in the tens of thousands, Plaintiff seeks only that the IDOC designate a witness or witnesses who can speak to the IDOC's policies and practices related to providing medical care to inmates temporarily housed at Stateville-NRC. The overly burdensome argument made by Defendants to justify a much smaller production of grievances simply does not fit the discovery sought here.

### III. Defendants' Argument that a Rule 30(b)(6) Deposition Would Be Duplicative is Without Merit

Defendants' argument that a Rule 30(b)(6) deposition would be duplicative is without merit for two reasons. First, Plaintiff did not, as Defendants suggest, depose Defendant Gladyse Taylor "on the policy issues for which he now seeks a Rule 30(b)(6) deponent".[1] Nor have Defendants cited to any part of the transcript of Defendant Taylor's deposition to support this

---

[1] Defendants also argue that the discovery sought in Plaintiff's 30(b)(6) notice should be waived as to Defendant Randle because Plaintiff elected not to depose Defendant Randle during the course of fact discovery. Dkt. No. 185, at 5, fn 4. This argument is not only factually inaccurate, it is without legal justification. First, Plaintiff attempted to depose Defendant Randle a number of times but counsel for the IDOC Defendants opposed this deposition. *See e.g.* Dkt. No. 162, at 5 (Joint Status Report where counsel for the IDOC Defendants took the position that Defendant Randle should not be deposed). Second, for the reasons described above, the deposition of an individual is not the equivalent of the 30(b)(6) deposition of an organization or corporation in that Defendant Randle would not have provided testimony binding the IDOC itself.

argument. In fact, while Defendant Taylor testified at her deposition that the Acting Director of the IDOC had a role to play in the provision of medical and dental services, she not only noted that this role was limited to making sure the contract and staff was in place to provide these services, but that during the time she was Acting Director the contract was already in place and that all staffing was delegated to the IDOC Medical Director. See Exhibit B (Pages 17 through 19 of Deposition of Gladyse Taylor). Second, and more importantly, Plaintiff seeks binding testimony from the IDOC itself; testimony that cannot be provided by the individual Defendants in this case. This is because, as courts in this district and elsewhere have repeatedly held, the deposition of an individual is not the equivalent of the deposition of an organization under Rule 30(b)(6). *See e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, 08 C 1531, 2011 WL 117048, at *10 (N.D. Ill. Jan. 12, 2011) (holding that the depositions of employees of a corporation in their individual capacities did not excuse the corporation from designating and producing a knowledgeable corporate representative for deposition pursuant to Rule 30(b)(6) because "the fact that other persons with discoverable information were deposed or will be deposed does not relieve [a corporation] of its obligations under [the] Rule" since the "[t]estimony obtained during a Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents."); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (a Rule 30(b)(6) designee "does not give his personal opinions," but instead "presents the corporation's 'position' on the topic").

As the district court in *DHL Express (USA), Inc. v. Express Save Industries Inc.*, explained:

> A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity. Moreover, if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.

*DSM Desotech Inc.*, 2011 WL 117048 at *10 (citing *DHL Express (USA), Inc. v. Express Save Industries Inc.,* 2009 WL 3418148, at *1 n. 4 (S.D.Fl. Oct.19, 2009)). As such, even if Plaintiff had asked Defendant Taylor (or any other individual Defendant or witness) the same questions he anticipates asking the individual(s) designated by the IDOC to provide 30(b)(6) testimony, Plaintiff should still be allowed to proceed with the Rule 30(b)(6) deposition to obtain testimony that sets out of the position of, and binds, the IDOC. In this context, and considering that Plaintiff has yet to conduct a single 30(b)(6) deposition in this case, it is difficult to see how the discovery sought by Plaintiff can be characterized as unreasonably cumulative or duplicative.

**Conclusion:**

For the reasons stated above, Defendants' Motion to Quash should be denied.

RESPECTFULLY SUBMITTED,

 /s/ Vincenzo Field
Attorneys for Plaintiff

Jon Loevy
Elizabeth Mazur
Vincenzo Field
LOEVY & LOEVY
312 North May St., Ste. 100
Chicago, IL 60607

**CERTIFICATE OF SERVICE**

    I, Vincenzo Field, an attorney, certify that on April 22, 2014 I served this document on all counsel of record via the Court's ECF system.

                                                              /s/ Vincenzo Field